UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORIELLE JOHNSON,

        Plaintiff,                       Case Number: 2:16-cv-10973
                                               HON. NANCY G. EDMUNDS

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Michigan state prisoner Corielle Johnson filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). His complaint raised allegations that he was denied access to the courts and that prison officials retaliated against him for filing lawsuits and grievances. The Court denied Plaintiff's application to proceed *in forma pauperis* and dismissed the complaint without prejudice under the "three-strikes" provision of 28 U.S.C. § 1915(g).[1]  Plaintiff has filed a motion for reconsideration.

---

[1] This "three strikes" provision allows the court to dismiss a case where the prisoner seeks to proceed *in forma pauperis*, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g). Plaintiff in this case previously filed three cases that were dismissed on this basis. *See Johnson v. Tollefson, et al.,* Case No. 2:14-cv-86 (W.D. Mich. Jan. 25, 2016); *Johnson v. Niemi, et al.,* Case No. 2:15-cv-91 (W.D. Mich. Sept. 3, 2015); *Johnson v. Lanala, et al.,* Case No. 2:15-cv-92 (W.D. Mich. Aug. 26, 2015).

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case.  E.D. Mich. L.R. 7.1(h)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain."  *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Plaintiff states that reconsideration should be granted because each of the three cases counted as "strikes" by this Court is on appeal.  The United States Supreme Court has held that a case may qualify as a "strike" even though it has been appealed and no decision on appeal has yet been rendered.  *Coleman v. Tollefson*, — U.S. —, 135 S. Ct. 1759, 1763 (2015).  Thus, these strikes were properly counted as such and the Court DENIES Petitioner's Motion for Reconsideration (ECF No. 6).

**SO ORDERED**.

```
                                          s/ Nancy G. Edmunds
                                          NANCY G. EDMUNDS
Date: November 29, 2016                   UNITED STATES DISTRICT JUDGE
```

CERTIFICATION

I hereby certify that a copy of this document was served upon counsel/parties of record on this 29th day of November, 2016 by CM/ECF and/or regular U.S. Mail.

```
                                          s/ Carol J Bethel
                                          Case Manager
```